UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN SHANE RICHARDSON                               CIVIL ACTION

VERSUS                                                NO. 13-302-BAJ-RLB

AXION LOGISTICS, LLC

### ORDER

Before the Court is a referral of Defendant Axion Logistics, LLC's ("Axion") Motion to Quash Plaintiff's Subpoena Duces Tecum to the Dow Chemical Company, Inc. and Motion for Protection (R. Doc. 18). Oral argument was held on September 24, 2013. The Court having considered the Motion and the submissions of the parties, as well as the arguments provided, finds that Axion's Motion is **DENIED IN PART** and **GRANTED IN PART**.

I.  Background

In this Action, Plaintiff alleges he worked for Axion from February 7, 2012 until May 21, 2012, when he was terminated in violation of Louisiana Revised Statute 23:967 for internally disclosing and threatening to externally disclose Axion's alleged fraudulent and illegal billing practices. (R. Docs. 1, 10). Specifically, Plaintiff claims that Axion engaged in fraudulent billing practices by over-billing its client, Dow Chemical. According to Plaintiff, Axion's conduct constitutes theft prohibited by Louisiana Revised Statute 14:67 and false accounting in violation of Louisiana Revised Statute 14:70. (R. Doc. 1 at 2-3). Plaintiff claims that he was terminated shortly after advising Axion of its fraudulent business practices and threatening to inform Dow of Axion's conduct. (R. Doc. 10 at 1-2).

In its Motions to Dismiss (R. Docs. 8, 14), Axion denies Plaintiff's allegations and argues that Plaintiff has failed to state a claim under the Revised Statute 23:967 upon which relief can be granted. Axion claims that Plaintiff has not alleged any illegal conduct engaged in by Axion. Rather, Plaintiff alleges that his co-workers engaged in unlawful conduct, which is insufficient to establish a violation of Revised Statute 23:967. (R. Doc. 14-1 at 7). Finally, Axion suggests that Plaintiff has not established a causal connection between his alleged protected activity and his termination. (R. Doc. 14-1 at 12).

According to the record, the parties held a discovery conference on July 8, 2013, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. (R. Doc. 22-2 at 2).[1] Correspondence between the parties indicates that Plaintiff's counsel informed Axion's counsel that Plaintiff intended to subpoena documentation from Dow Chemical and that Plaintiff's counsel discussed informing Axion of the scope of the subpoena prior to serving it on Dow. (R. Doc. 22-2 at 2). On July 25, 2013, Plaintiff issued a subpoena "for the production of records only" to The Dow Chemical Company, Inc. ("Dow"), a non-party. (R. Doc. 22-3).

The subpoena seeks to recover the following information associated with the work performed by Axion for Dow, pursuant to their contract:

**Request for Production No. 1:**
Any and all documents evidencing any and all billing records related to work performed by Axion Logistics ("Axion') at the Dow St. Charles plant located in Hanville, Louisiana ("Dow St. Charles") from February 1, 2011 through May 31, 2013, including but not limited to all invoices issued by Axion to the Dow Chemical Company, Inc. and/or any subsidiary or affiliate thereof (collectively, "Dow Chemical") for work by Axion at Dow St. Charles, any and all time keeping records for Axion work hours, any and all documentation related to reimbursement for Axion for travel expenses, mileage reimbursement, travel time and other costs.

---

[1] On September 6, 2013, the Court entered a scheduling order establishing deadlines for completing fact and expert discovery and filing motions, and setting the trial date. (R. Doc. 24). Discovery is in its infancy and is permitted until January 31, 2014.

> **Request for Production No. 2:**
> Any and all documents evidencing and/or recording Axion's employees entering and exiting Dow St. Charles, including but not limited to, gate logs from February 1, 2011 through May 31, 2013. Additionally, any other documents which are necessary to determine the identity of each Axion employee who entered and exited Dow St. Charles.
>
> **Request for Production No. 3:**
> Any and all documents evidencing any and all correspondence between Axion and Dow Chemical regarding billing and/or payment for work by Axion at Dow St. Charles from February 1, 2011 through May 31, 2013.

(Pl.'s Subpoena for Produc. of Docs. to Dow, R. Doc. 18-2). The record indicates that Plaintiff served the subpoena on Axion's attorneys "by placing a copy of same in the United States Mail" on July 25, 2013 (R. Doc. 22-3 at 4), which Axion received on July 31, 2013 (R. Doc. 22-2 at 2). Axion was not given advanced notice of the particular documents requested by the subpoena prior to service. (R. Doc. 22-2 at 2; R. Doc. 22-4 at 3).

On July 31, 2013 Axion's counsel wrote to Plaintiff's counsel raising various substantive and procedural objections to the subpoena. (R. Doc. 22-2 at 2). The parties were unable to resolve these issues, which resulted in Axion moving the Court to quash the subpoena and issue a protective order. (R. Doc. 18). Oral argument was held on September 24, 2013. (R. Doc. 26).

## II. APPLICABLE LAW

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Furthermore, it is well established that the scope of

3

discovery is within the sound discretion of the trial court. *E.g.*, *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 724 (5th Cir. 1990) ("the district court has wide discretion in determining the scope and effect of discovery").

## III. DISCUSSION

### A. Standing

Initially, the Court must address Axion's standing to oppose a subpoena issued to a third party. "The Court's first inquiry in ruling on a motion to quash a Rule 45 subpoena directed to a non-party, like the subpoenas at issue in this motion, is to determine whether the movant has standing to challenge the subpoena." *Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011). The Fifth Circuit has held that a party does not have standing to oppose a subpoena unless the party is "in possession of the materials subpoenaed" or has "alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979). In other words, if a Rule 45 subpoena seeks privileged information belonging to a party to the suit, that party has standing to challenge it, even if the subpoena is directed at a non-party.

Nonetheless, that standing does not go so far as to allow the party to challenge a non-party subpoena on the grounds that it unduly burdens the non-party. *See, e.g.*, *Strogner v. Sturdivant*, No. 10-125, 2011 WL 4435254, at *5 n.5 (M.D. La. Sept. 22, 2011) ("Defendants lacked standing to challenge subpoenas directed to third-parties on the basis that the subpoenas are unduly burdensome. Even if a party has standing to challenge [that] subpoena . . . on privacy or privilege grounds, he may not challenge that subpoena on grounds [of] . . . undue burden." (citation omitted)); *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., L.L.C.*, No. 09-497, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (defendants had standing to challenge non-party subpoena

4

seeking defendant's private bank records, but lacked standing to challenge other non-party subpoena on ground of undue burden to subpoenaed party); *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 n.2 (M.D. La. March 12, 2012) (same).

Axion asserts a personal right or privilege with respect to the documents at issue. Specifically, Axion notes that it has a "personal, proprietary, and privacy interest" in the billing records for work it performed for its clients, in documents reflecting that work, and in communications with its client for work performed. Plaintiff does not challenge the assertion of defendant that they have such a right or privilege with respect to the documents at issue. At oral argument, Plaintiff did note an objection to Axion's ability or "standing" to argue that production of such records is unduly burdensome. Plaintiff's position is that such an argument should be raised by Dow Chemical Company, Inc. as they are the party being directed to produce the records. Plaintiff further argues that Axion's is not in a position to know "what sort of burden would be placed upon Dow by the Subpoena." (R. Doc. 22 at 12).

The Court has reviewed the materials requested and agrees that Axion has a sufficient personal right or privilege with respect to the materials subpoenaed to seek relief regarding their production on those grounds. In addition, with respect to the request for a protective order, Rule 26(c) of the Federal Rules of Civil Procedure permits a motion for a protective order to be brought "by **a party or** by the person form whom discovery is sought . . . for good cause shown . . . ." (emphasis added).

The Court, however, agrees with Plaintiff that Axion does not have standing to challenge the subpoena on the grounds that it unduly burdens Dow. Even if Axion did have standing to bring this challenge, the Court still finds it unavailing. Plaintiff has sufficiently limited the documents requested in the subpoena to avoid any undue burden on Dow. First, Plaintiff seeks

5

information confined to a period roughly spanning one year prior to and one year after his employment. Moreover, Axion explained during oral argument that the actual contract is even broader than this timeframe. The Court also notes that Plaintiff took steps to limit the location and category of documents requested to the location applicable to Plaintiff's employment and to those documents indicative of the illegal conduct alleged.

Finally, Axion's Motion suggests that Plaintiff inappropriately bypassed Axion and went straight to Dow for the requested billing information. Axion ignores, however, that Plaintiff also seeks information regarding Dow's gate logs and time records — documents clearly not in Axion's possession, custody or control. Therefore, the Court finds Plaintiff's subpoena has not imposed any undue burden on Dow or any other party.

### B.    Timing and Notice of the Subpoena

Rule 45 of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "If the subpoena commands the production of documents . . . then before it is served, a notice must be served on each party." *Id*.

"Rule 45(b)(1) expressly requires that notice of a subpoena duces tecum be given to all parties, and the "purpose of such notice is to afford other parties an opportunity to object to the production or inspection." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp. Inc.*, No. 97-3012, 1998 WL 186705, at *7 (E.D. La. April 17, 1998) (quotations omitted). Failure to serve a copy of a subpoena upon an opposing party or to give notice of its content deprives that party of any meaningful right to object or to otherwise protect its interests.[2]

---

[2] The Court notes that the proposed revised text of a new Rule 45(a)(4), set to take effect on December 1, 2013 absent Congressional action, explicitly requires that a copy of the subpoena accompany such notice. This is "intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional

6

"A party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(b)(1), has been held to substantiate a decision to quash the subpoena." *Williams v. Weems Community Mental Health Center*, No. 04-179, 2006 WL 905955, at *2 (S.D. Miss. April 7, 2006) (citing *Butler v. Biocore Med. Tech., Inc.*, 348 F.3d 1163,1173 (10th Cir. 2003)); *Firefighter's Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

At oral argument, Axion advised that it is withdrawing its argument to quash the subpoena on this ground. Axion noted that it wanted to ensure that it could be heard prior to any production of documents.

As noted above, discovery in this case has just begun. Quashing the subpoena for failing to give timely notice would only require it to be re-issued. The parties would make the same substantive arguments. This would only promote inefficiency, delay and undue costs on all of the litigants. The Court also recognizes that, as set forth in its briefs, the failure to send a copy of the subpoena to opposing counsel was based on inadvertence and mistake. The Court is satisfied that it was not an intentional effort to achieve an advantage or obtain the documents without affording Axion an opportunity to be heard.

C. **Scope of the Subpoena**

Axion offers several arguments "each of which," it contends, "independently render Plaintiff's subpoena improper." (R. Doc. 18-1 at 2). Axion suggests that Plaintiff's subpoena "must be quashed because it is . . . harassing, and will result in the production of confidential information relating to persons who are not a party to this lawsuit." (R. Doc. 18-1 at 3). Specifically, Axion contends the subpoena is too broad as it requests documents "pre-dating and post-dating Plaintiff's employment with Axion" which "cannot and do not reasonably relate to

---

materials." 2013 Amendment [Effective December 1, 2013 absent Congressional Action], Advisory Notes Subdivision (a).

this action." (R. Doc. 18-1 at 5). Axion suggests that the Plaintiff is attempting to discover evidence of state law violations that occurred prior to his employment and then claim that this will prove that he was terminated for threatening to expose conduct occurring during his employment. Similarly, Axion argues that evidence of a violation that occurred after Plaintiff's termination likewise cannot be so used. Next, Axion argues that, because the requested documents were not in Plaintiff's possession at the time he "blew the whistle," they can have no possible relevance to his whistleblower claim." (R. Doc. 18-1 at 5-6). Finally, Axion asks the Court to quash Plaintiff's subpoena to avoid the disclosure of "confidential business information from Dow" which "Plaintiff has not, and cannot, demonstrate a substantial need for obtaining." (R. Doc. 18-1 at 6).[3]

Plaintiff responds, suggesting these documents are needed to prove a necessary element of his claim — that Axion actually engaged in conduct that violated a state law. (R. Doc. 22 at 12). Moreover, Plaintiff contends that billing records and gate logs created both before and after his employment are necessary to establish Axion's "substantial violation" of a state law. (R. Doc. 22 at 13-14). According to Plaintiff, "the documents for the full time period requested, February 1, 2011 through May 31, 2013, were necessary to show the scope of the full state law violation." (R. Doc. 22 at 5). Plaintiff asserts that the law "does not require that [plaintiff] have understood the full scope of the serious violation of state law." (R. Doc. 22 at 14). Plaintiff claims that he discovered fraudulent billing practices engaged in by an employee of Axion "with the complicity of Axion top executives, and sought to bring such actions to light", noting at oral argument that this may be the "tip of the iceberg" and will therefore show the extent of what Plaintiff was

---

[3] Axion also challenged the discovery requests as overbroad because they requested "any and all" categories of documents. (R. Doc. 23-2). At oral argument, Axion noted that the requests for "any and all" documents were still limited to a fixed timeframe, involving only the work conducted at the St. Charles plant, and restricted to specific subject matter. Axion withdrew its challenge based on the "any and all" argument and indicated that the true dispute here is over the scope of the documents requested, including the timeframe at issue.

threatening to report. (R. Doc. 22 at 13).  Finally, Plaintiff argues that an applicable privilege between Axion and Dow Chemical does not exist to preclude production of the requested documents. (R. Doc. 22 at 14-15).

Rule 45 governs the issuance of subpoenas, and provides that on a timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3).  Additionally, parties or attorneys who issue and serve subpoenas "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

Subpoenas issued for discovery purposes, such as those at issue here, are also subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).")

With respect to Axion's argument that the subpoena seeks privileged information, the Court is satisfied that Axion has established a personal or privacy interest in the documents pertaining to its financial and business relationship with its client. *See Drexel Heritage Furnishings v. Furniture USA, Inc.*, 200 F.R.D. 255, 259 (M.D.N.C. 2001) (recognizing the confidentiality of business documents in considering defendant's motion for protective order). To the extent Axion objects to the subpoena on the grounds that the disclosure of such commercial information should be restricted, such a remedy can be fashioned in the form of a protective order on terms proposed by the parties.  At oral argument, the parties indicated an intent to pursue such an agreement.  For that reason, Axion may move for a protective order

9

relating to the disclosure and handling of the documents at issue. Any proposed protective order may be mutually agreed upon by the parties or submitted by Axion after conferring or attempting to confer with Plaintiff on the terms of such an order, as required by Rule 26(c)(1). Finally, the parties do not suggest, and the Court does not find, that there is any privilege that would otherwise prohibit the discovery of such material.

The Court also finds that the documents requested are reasonably calculated to lead to the discovery of admissible evidence. Here, Plaintiff alleges a cause of action pursuant to the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967. In *Hale v. Touro Infirmary*, 886 So.2d 1210 (La. Ct. App. 2004), the court set forth the elements of a cause of action under the Louisiana Revised Statute § 23:967. In order to prevail, a claimant must prove that (1) his or her employer violated the law through a prohibited workplace act or practice; (2) the claimant advised the employer of the violation; (3) the claimant refused to participate in the prohibited practice or threatened to disclose the practice; and (4) the claimant was fired as a result of the refusal to participate in the unlawful practice or threat to disclose the practice. *Hale*, 886 So.2d at 1216. Axion argues that because the subpoenaed documents were not in Plaintiff's possession at the time he claims he "blew the whistle," the documents "can have no possible relevance to his whistleblower claim." (R. Doc. 18-1 at 5-6). This argument is not persuasive.

Louisiana's Whistleblower Statute "requires an employee to prove an actual violation of state law in order to prevail on the merits of the case." *Accardo v. La. Health Servs. & Indem. Co.*, 943 So.2d 381, 387 (La. App. 1 Cir. 6/21/06); *e.g.*, *Hale*, 886 So.2d at 1215 (same); *Fondren v. Greater New Orleans Expressway Comm'n*, 871 So.2d 688, 691 (La. App. 5 Cir. 4/27/04) (same). As Louisiana courts have explained, the statute is "targeted at more serious

10

conduct." *Puig v. Greater New Orleans Expressway Comm'n*, 772 So.2d 842, 845 (La. App. 5 Cir. 10/31/00).

Regardless of whether Plaintiff possessed these particular documents at the time of his employment, he must nevertheless prove that the conduct he observed and disclosed was actually in violation of state law. Plaintiff alleges that Axion's conduct amounts to theft and false accounting. In Louisiana, theft is defined as:

> the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

La. Rev. Stat. § 14:67. Under Louisiana's Revised Statutes, false accounting constitutes:

> the intentional rendering of a financial statement of account which is known by the offender to be false, by anyone who is obliged to render an accounting by the law pertaining to civil matters.

La. Rev. Stat. § 14:70.

Considering that both theft and false accounting require that the offender knowingly make false representations, documents that would offer a comparison of the actual hours/time worked by Axion's employees with the actual amount of time billed to Dow, are relevant and likely to lead to the discovery of admissible evidence. Moreover, the documents would indicate whether Axion ever returned not-earned funds, if any existed. Stated differently, the documents might produce admissible evidence relevant to whether Axion intended to "permanently deprive" Dow of the allegedly over-paid funds. Dow is the only entity in possession of documents showing both the actual hours work and the hours claimed by Axion. Therefore, the Court cannot grant Defendant's Motion to Quash the Subpoena.

11

Moreover, the documents are reasonably likely to produce admissible evidence relevant to the fourth element of Plaintiff's claim — whether Plaintiff's protected activity was the but-for cause of his termination. In order to make this showing, Plaintiff must establish a *prima facie* case of retaliation which, in part, requires him to establish a "causal connection" between his protected conduct and his termination. *See, e.g.*, Smith v. AT&T Solutions, Inc., 90 Fed. Appx. 718, 723 (5th Cir. 2004) (holding that "the Title VII framework is applicable to the Louisiana Statute" for analyzing a retaliation claim); *Baker v. Fedex Ground Package System, Inc.*, No. 04-3401, 2008 WL 559567, at *7 (E.D. La. Feb. 26, 2008) (applying Title VII's *McDonnell Douglass* burden shifting framework to retaliation claims brought under Louisiana's whistleblower statute); *Shirley v. Chrysler First Inc.*, 970 F.2d 39, 42 (5th Cir. 1992) (under Title VII, plaintiff must show that: (1) he or she engaged in protected activity; (2) suffered an adverse employment action; and (3) a causal connection exists between the two).

Plaintiff must also rebut any non-retaliatory reason that Axion offers for his termination by showing that Axion's reason is not its true reason but merely a pretext for retaliation. *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 578 (1978) ("The plaintiff must be given the opportunity to introduce evidence that the proffered justification is merely a pretext for discrimination.").

Plaintiff contends that he internally disclosed and threatened to inform Dow of the allegedly illegal conduct on April 30, 2012, less than one month prior to his termination on May 21, 2012. (R. Doc. 1 at 6; R. Doc. 10 at 1-2). This close temporal proximity between Plaintiff's protected conduct and termination is probative evidence of retaliation. *See Shirley*, 970 F.2d at 43 (two months was sufficient for plaintiff to establish temporal proximity under Title VII); *Handzlik v. U.S.*, 93 Fed. Appx. 15, 19 (5th Cir. 2004) (same); *Weeks v. NationsBank, N.A.*, No. 98-1352, 2000 WL 341257, at *3 (N.D. Tex. 2000) (four months). The records would show the

12

extent of the alleged conduct which Plaintiff claims he threatened to expose. Therefore, the records are likely to produce admissible evidence relevant to Plaintiff's showing of pretext.

IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Axion's Motion to Quash Plaintiff's Subpoena Duces Tecum (R. Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**:

- Axion's Motion is **DENIED** to the extent it seeks to **quash** the non-party subpoena issued by Plaintiff to Cow Chemical; and

- Axion's Motion is **GRANTED** to the extent Axion seeks a protective order from the Court. Axion may move for a **protective order** relating to the disclosure and handling of any documents encompassed by Plaintiff's Subpoena and/or produced in accordance with this Order, **by Friday, October 18, 2013**. Any proposed protective order may be mutually agreed upon by the parties or submitted by Axion after conferring or attempting to confer with Plaintiff on the terms of such an order, as required by Rule 26(c)(1).

Signed in Baton Rouge, Louisiana, on October 4, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**