UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN SHANE RICHARDSON                                   CIVIL ACTION

VERSUS

AXION LOGISTICS, LLC                          NO. 13-cv-00302-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant's **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 14),** seeking an order from this Court that "dismiss[es] Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted," pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (*id.* at p. 1).[1]  Plaintiff Justin Shane Richardson ("Richardson") opposes Defendant's Motion. (Doc. 15). Defendant has been allowed to file a reply to Richardson's opposition. (Doc. 20). Oral argument is not necessary.

I.    BACKGROUND

On May 10, 2013, Richardson sued his former employer—Axion Logistics, LLC (Axion)—in this Court, seeking damages for a violation of the Louisiana Whistleblower Statute, La. R.S. § 23:967. (Doc. 1 at ¶ 6). Richardson's Complaint alleges that he was wrongfully terminated from his position as Axion's General Manager of Louisiana operations "while in the very midst of attempting to bring to light within Axion and rectify fraudulent billing practices on the part of Axion employees ... and fraudulent claims (including creation of false accounting and tax

---

[1] Also pending is Defendant's motion to dismiss Richardson's initial Complaint for failure to state a claim. (Doc. 8). Because Richardson's Amended Complaint is now the operative complaint, and Defendant has renewed its motion to dismiss, this initial motion to dismiss is DENIED AS MOOT.

records) against Axion." (*Id.* at ¶ 4). Specifically, Richardson claims that his "termination was in violation of La. R.S. 23:967(A), which provides that an employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law discloses or threatens to disclose a workplace act or practice that is in violation of state law." (*Id.* at ¶ 6).

On June 18, 2013, Defendant filed its original Motion to Dismiss (Doc. 8) and Memorandum in Support (Doc. 8-1), arguing that Richardson failed to "allege sufficient facts to state a plausible claim for relief under the Louisiana Whistleblower Protection Act." (Doc. 8-1 at p. 1). Specifically, Defendant contended that "Plaintiff's Complaint does not allege an actual, serious violation of state law by Axion, and there are no allegations in the Complaint that Plaintiff participated in any protected activity *and* was retaliated against because of such participation." (Doc. 8-1 at p.1).

Shortly thereafter, on June 24, 2013, Richardson filed his First Amended Complaint (Doc. 10) addressing concerns identified in Defendant's Motion to Dismiss (Doc. 8). Specifically, Richardson added a new paragraph setting forth the protected activity in which he allegedly engaged prior to being terminated. This paragraph provides:

> Mr. Richardson also told Mr. Konvelman . . . that they needed to speak with Dow Chemical, asking for the gate logs, and letting them know that they may have overbilled them. In that way, they could save any relationship they may have with Dow Chemical and, hopefully, save the account. In that same conversation, Mr. Richardson informed Mr. Konvelman that if Axion was not willing to notify Dow Chemical of the over billing, he would notify them himself. Mr. Konvelman told Mr.

> Richardson that he should not tell anyone about these facts until he had spoken to Mr. Grant, the CEO of Axion, about the matter.

(Doc. 10 at ¶ 18a). In short, through his First Amended Complaint, Richardson attempted to establish that he engaged in a protected activity by threatening to disclose the unlawful activity of the Defendant to a third-party. (*Id.*).

On July 8, 2013, Defendant again filed a Motion to Dismiss (Doc. 14) and a Memorandum in Support (Doc. 14-1), renewing its argument that "Plaintiff's First Amended Complaint fails to allege sufficient facts to state a plausible claim for relief under the Louisiana Whistleblower Protection Act." (Doc. 14-1 at p. 1). Particularly, Defendant argues that Richardson "fail[s] to allege facts showing an actual, serious violation of state law by Axion" and fails "to allege facts showing he engaged in any protected activity for which Axion retaliated against him." (*Id.*).

One day later, on July 9, 2013, Richardson filed an Opposition to Defendant's Motion to Dismiss (Doc. 15) urging the Court to deny Defendant's motion. The Court now considers Defendant's request to dismiss Richardson's First Amended Complaint.

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Further, the Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alterations omitted).

4

## III.   ANALYSIS

Richardson's First Amended Complaint alleges a single claim under the Louisiana Whistleblower Statute, La. R.S. § 23:967.  In response, Defendant argues that Richardson is unable to state a claim for relief under the Louisiana Whistleblower Statute for two reasons: (1) Richardson failed to allege facts showing that he engaged in a protected activity; and (2) Richardson failed to allege an actual violation of state law by Defendant. (Doc. 14-1 at pp. 2–3). First, the Court will examine the Louisiana Whistleblower Statute and, subsequently, assess whether Richardson's whistleblower claim survives Defendant's Motion to Dismiss.

### 1.  Louisiana Whistleblower Statute, La. R.S. § 23:967

The Louisiana Whistleblower Statute, La. R.S. § 23:967, provides, in relevant part:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. R.S. § 23:967.  The statute defines "reprisal" to include "firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee." *Id.* § 23:967(C)(1).

5

Stating a claim for relief under § 23:967 requires a plaintiff to plead sufficient factual matter to make out a plausible claim that: (1) his employer violated the law through a prohibited workplace act or practice; (2) he advised his employer of the violation; (3) he then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) he was fired or suffered some other adverse employment action as a result of his refusal to participate in the unlawful practice or threat to disclose the practice. *See Hale v. Touro Infirmary*, 2004-0003 (La. App. 4 Cir. 11/3/04), 886 So. 2d 1210, 1216, *writ denied*, 2005-0103 (La. 3/24/05), 896 So. 2d 1036.

### 2. Protected Activity of Plaintiff

First, Defendant argues that Richardson failed to allege facts showing that he engaged in a protected activity under the Louisiana Whistleblower Statute. (Doc. 14-1 p. 9). The Court is unpersuaded.

Richardson's First Amended Complaint (Doc. 10) alleges that, on April 30, 2012, Richardson met with Defendant's CFO and informed him of the unethical billing practices taking place within the company. (Doc. 1 ¶ 18; Doc. 10 ¶ 18a). Furthermore, Richardson alleges that, during the same meeting, he subsequently informed Defendant that he would disclose the unethical billing practices to Defendant's client if Defendant did not do so itself. (Doc 1 ¶ 18; Doc. 10 ¶ 18a).

The Court is satisfied that Richardson's First Amended Complaint (Doc. 10) establishes that Richardson engaged in at least one of the protected activities enumerated in the Louisiana Whistleblower Statute, La. R.S. § 23:967. Richardson

6

allegedly advised the Defendant of the violations of state law that were taking place within the company and, thereafter, threatened to make those legal violations public if the Defendant did not do so itself. (Doc 1 ¶ 18; Doc. 10 ¶ 18a). Richardson was then fired from his position less than one-month later. (Doc. 1 ¶¶ 18–24; Doc 10 ¶ 18a).

In sum, Richardson has adequately alleged that he engaged in one of the protected activities enumerated in the Louisiana Whistleblower Statute.

### 3. Actual Violation of State Law by Defendant

Next, Defendant argues that Richardson has failed to allege an actual violation of state law by Defendant. (Doc. 14-1 at p. 7). The Court agrees.

In the Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14-1), Defendant points out that "the prerequisite for filing a claim under [the Louisiana Whistleblower Statute] is that *an employer—* and not merely a co-worker—engage in a workplace practice that is in actual violation of state law." (Doc. 14-1). *See Stevenson v. Williamson*, 547 F. Supp. 2d 544, 558 (M.D. La. 2008), *aff'd*, 324 F. App'x 422 (5th Cir. 2009); *Kyger v. Lowe's Home Ctrs., Inc.*, 04-1122, 2005 WL 78944 (E.D. La. Jan. 11, 2005).

Here, Richardson merely alleged that some of his co-workers engaged in unethical billing practices, only devoting one conclusory paragraph to stating that such illegal activity was authorized by the Defendant. (Doc. 1 ¶¶ 5, 11–12, 14–16). Specifically, in Paragraph 5 of his Complaint, Richardson asserts "[u]pon information and belief, the fraudulent practices were expressly authorized" by

7

Defendant. (Doc. 1 ¶¶ 5). However, Plaintiff has failed to allege any facts to support this conclusory allegation (Doc. 1; Doc. 10 ¶ 18a), and the Court is not required to accept such "[t]hreadbare recitals of the elements of a cause of action" as true. *Iqbal*, 556 U.S. at 678. Furthermore, nowhere else in his First Amended Complaint does Richardson ascribe the unethical billing practices to the Defendant. (Doc. 1; Doc. 10 ¶ 18a).

In sum, the violations of state law alleged by Richardson were perpetrated by his co-workers, and Richardson has not adequately established that those unlawful activities were authorized or approved by Defendant. (Doc. 1; Doc. 10 ¶ 18a). Therefore, Richardson has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## 4. Additional Considerations: Dismissal with Prejudice

The only question that remains is whether to dismiss Richardson's First Amended Complaint without allowing him an opportunity to amend. Defendant outlined the various deficiencies with Richardson's claim under the Louisiana Whistleblower Statute in its original Motion to Dismiss. (Doc. 8-1 at pp. 5–10). In response to Defendant's Motion, Richardson amended his Complaint as a matter of right pursuant to Rule 15(a)(1)(B). (Doc. 10). Richardson's First Amended Complaint, however, failed to fully rectify the deficiencies in his claim under the Louisiana Whistleblower Statute. (*See generally* Doc. 14-1).

Throughout the pendency of Defendant's most recent Motion to Dismiss, Richardson urged the sufficiency of his First Amended Complaint and did *not* seek leave to amend further, despite awareness of the First Amended Complaint's potential deficiencies. In such instances, the Court is well within its discretion to dismiss Richardson's whistleblower claim with prejudice, *without* first conducting a futility analysis. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). In any event, for all the reasons previously stated, and particularly in light of Richardson's failure to rectify the various deficiencies in his whistleblower claim despite being put on notice by Defendant's original Motion to Dismiss, the Court also determines that allowing additional amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("'[F]utility' in this context, . . . mean[s] that the amended complaint would [still] fail to state a claim upon which relief could be granted."). Accordingly, Richardson's First Amended Complaint will be dismissed with prejudice.

## IV. CONCLUSION

For these reasons,

**IT IS ORDERED** that Defendant's **MOTION TO DISMISS PLAINTIFF'S INITIAL COMPLAINT (Doc. 8)** is **DENIED AS MOOT.**

IT IS FURTHER ORDERED that Defendant's **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 14)** is **GRANTED.** Richardson's claim is **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 12th day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**