UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN SHANE RICHARDSON                               CIVIL ACTION

VERSUS                                                NO. 13-302-BAJ-RLB

AXION LOGISTICS, LLC

## ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 63) filed on October 23, 2015. Through the Motion, Defendant seeks an order compelling Plaintiff (1) to respond to Defendant's Third Requests for Production served on August 25, 2015 and produce all responsive documents; (2) to supplement earlier discovery responses.

On November 16, 2015, Defendant filed a Supplemental Memorandum. (R. Doc. 66). Defendant represents that Plaintiff provided responses to Defendant's Third Requests for Production on November 4, 2015. (R. Doc. 66 at 1). Based on this production, Defendant withdrew its Motion to the extent it sought production in response to Defendant's Third Requests for Production, with the exception of Defendant's request for attorney's fees. (R. Doc. 66 at 2). Defendant argues, however, that although the production solved certain issues regarding its request for supplemental productions, Plaintiff still had not supplemented its response to Interrogatory No. 5 of Defendant's First Set of Interrogatories and had not supplemented his document production to include additional documents responsive to Defendant's Request for Production Nos. 26, 32, and 33. (R. Doc. 66 at 2).

On November 25, 2015, Plaintiff served his written supplemental responses regarding Interrogatory No. 5 and Request for Production Nos. 26, 32, and 33.[1]  Furthermore, in the context of opposing another motion, Plaintiff's counsel addressed the issue of Defendant's request for attorney's fees with regard to the instant Motion.[2]  Plaintiff's counsel represents that his inadvertence in responding to discovery in this action was uncharacteristic and resulted from staffing issues and his hospitalization from September 4-6, October 6-8, and November 2-4, as well as accompanying bed rest.

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Having reviewed the record, and in light of Plaintiff's representations and diligent response to the motion, the court finds that an award of expenses would be unjust under the circumstances.

---

[1] These documents are filed under seal. (R. Docs. 78-12, 78-13). To the extent the court references sealed documents, the descriptions do not reveal any information protected by the Agreed Protective Order governing this action.

[2] This "opposition" to Plaintiff's request for attorney's fees is filed under seal. (R. Doc. 78-1 at 7-10).

**IT IS ORDERED** that Defendant's Motion is **DENIED** as moot as the materials have been provided. As set forth above, the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on December 7, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**