UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN SHANE RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-302-BAJ-RLB** |
| **AXION LOGISTICS, LLC** | |

### ORDER

Before the Court are Plaintiff's Motion for a Limited Exception to the Discovery Deadline (R. Doc. 64)[1] filed on November 13, 2015, which is opposed (R. Doc. 77), and Defendant's Emergency Motion for Protection from Plaintiff's Informal Request for Discovery from and Proposed Subpoena to Non-Party James Hall (R. Doc. 67) filed on November 16, 2015, which is opposed (R. Doc. 81).[2] These motions concern whether and to what extent certain documents obtained and/or created by James Hall, a non-party and former employee of Defendant, may be obtained by Plaintiff for use in this litigation.

At his November 11, 2015 deposition, Mr. Hall produced several documents including a spreadsheet identifying certain amounts invoiced to the Dow Chemical Company ("Dow"), one of Defendant's clients.[3] Plaintiff submitted with his motion a subpoena *duces tecum* to be served on Mr. Hall to obtain documents similar to the spreadsheet provided by Mr. Hall and certain emails between Mr. Hall and Defendant's employees regarding work performed at Dow's St.

---

[1] The exhibits to this Motion are filed under seal. (R. Doc. 76). To the extent the court references sealed documents, the descriptions do not reveal any information protected by the Agreed Protective Order governing this action.
[2] This opposition and its exhibits are filed under seal.
[3] This document is filed under seal. (R. Doc. 76-2).

Charles plant.[4]  Plaintiff seeks an extension of the November 25, 2015, discovery deadline to allow him to obtain this third-party discovery.

Defendant represents that Mr. Hall imaged his entire hard drive while working for Defendant, and agreed to provide that hard drive in its entirety to Plaintiff.  (R. Doc. 67 at 1).  Through their Motion and Opposition, Defendant seeks a protective order precluding Plaintiff from obtaining any documents on the hard drive or, alternatively, allowing Defendant to review the documents for relevance and privilege prior to their production by Mr. Hall to Plaintiff.

On November 30, 2015, the court held a telephone conference on these related motions.  (R. Doc. 80).  Plaintiff's counsel represented that Plaintiff has not obtained any additional documents from Mr. Hall other than the documents provided at Mr. Hall's deposition.  Plaintiff's counsel further represented that Plaintiff is only seeking from Mr. Hall non-privileged documents responsive to the three categories of information sought in Plaintiff's proposed subpoena to Mr. Hall.  Similarly, defense counsel represented that Defendant has no objection to Plaintiff obtaining non-privileged documents responsive to Plaintiff's subpoena, and expressed interest in obtaining those documents as well.

Based on these representations, the parties agreed that a production of documents by Mr. Hall in response to Plaintiff's subpoena with appropriate court oversight would constitute an agreeable resolution of their pending motions.

Plaintiff's counsel agreed to contact counsel for Mr. Hall to determine a reasonable time frame required to respond to the subpoena and whether a modified response date is appropriate.  The parties agreed that responsive documents identified by Mr. Hall shall be produced directly to a third-party vendor for the purpose of stamping Bates numbers.  Defendant agreed to pay for the

---

[4] The subpoena is filed under seal. (R. Doc. 76-1).

third-party vendor's services.  The parties agreed that after the documents are Bates numbered, the third-party vendor shall provide the documents directly to Defendant, who shall immediately inform Plaintiff and the Court of the range of Bates numbers provided.

The parties further agreed that Defendant shall have an opportunity to review the documents produced by Mr. Hall prior to their production to Plaintiff.  The parties agreed that Defendant may challenge the production of documents to Plaintiff on the basis of attorney-client privilege, work product immunity, and/or any other basis.  Defendant shall describe the withheld and/or redacted documents on a privilege log pursuant to Rule 26(b)(5)(A).  Defendant may also identify documents as "Classified Information" in accordance with the Agreed Protective Order (R. Doc. 31) in this action.  Plaintiff reserves the right to challenge any basis for withholding and/or redacting documents made by Defendant.  If necessary, the Court may review the documents in camera to resolve further disputes between the parties regarding these documents.

On December 1, 2015, Plaintiff's counsel provided the attached correspondence indicating that (1) the revised response date for the subpoena to Mr. Hall is December 30, 2015; and (2) the parties have agreed that Quality Litigation Support will serve as the third-party vendor.

Based on the foregoing,

**IT IS ORDERED** that the Motions (R. Docs. 64 and 67) are **GRANTED in part and DENIED in part** consistent with the foregoing arrangement agreed upon by the parties.  The Court issues no ruling regarding its power to preclude a party to this litigation from informally obtaining documents from a non-party.  Any documents to be used in this litigation, however obtained, shall be governed by the Agreed Protective Order (R. Doc. 31) entered in this action.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16(b)(4), and for good cause shown, the discovery deadline in this action is extended for the sole purpose of allowing Plaintiff to conduct third-party discovery on Mr. Hall pursuant to Rule 45 of the Federal Rules of Civil Procedure to the extent described in this Order.

**IT IS FURTHER ORDERED** that Defendant shall provide the Plaintiff and the Court (by fax) the range of Bates numbers stamped on the documents by Quality Litigation Support immediately after those documents are provided to Defendant by Quality Litigation Support.

**IT IS FURTHER ORDERED** that Defendant shall produce all documents not withheld on the basis of attorney-client privilege, work product immunity, and/or any other basis, as well as an accompanying privilege log, if applicable, no less than **15 days** after receipt of the documents from Quality Litigation Support. Defendant is directed to file an appropriate motion if, considering the extent of documents produced, more time is needed to review the documents prior to production.

**IT IS FURTHER ORDERED** that to the extent Plaintiff challenges the basis asserted by Defendant for withholding any documents from production, Plaintiff shall file an appropriate motion no less than **7 days** after receipt of the documents and privilege log from Defendant.

**IT IS FURTHER ORDERED** that Plaintiff shall provide a copy of this Order to James Hall and/or his counsel.

**IT IS FURTHER ORDERED** that Defendant shall provide a copy of this Order to Quality Litigation Support.

Signed in Baton Rouge, Louisiana, on December 7, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# THE BARINGER LAW FIRM, LLC
201 St. Charles Street
Baton Rouge, Louisiana  70802-6095
Telephone (225) 383-9953
Facsimile (225) 387-3198

## FACSIMILE TRANSMISSION COVER SHEET
PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

**TO:** Magistrate Judge Richard L. Bourgeois, Jr.

**FROM:** Dale R. Baringer

**DATE:** December 1, 2015

**Fax Number:** (225) 389-3603

**RE:** Justin Shane Richardson vs. Axion Logistics, LLC; Civil Action # 3:13-cv-00302-BAJ-RLB; U.S. District Court, Middle District of Louisiana; Our File No. 14620

**COMMENTS, IF ANY:**

TOTAL NUMBER OF PAGES, INCLUDING THIS COVER PAGE __2__

**Notice of Attorney/Client Privilege**

The information contained in this facsimile message is privileged and confidential information intended for the use of the recipient listed above. The material is covered by the attorney/client privilege. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone, to arrange for the return of the document.

IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CALL US AS SOON AS POSSIBLE AT (225) 383-9953.

# THE BARINGER LAW FIRM, LLC
### ATTORNEYS AT LAW
201 ST. CHARLES STREET
BATON ROUGE, LOUISIANA 70802-5946

DALE R. BARINGER†*
BENJAMIN J.B. KLEIN†
AARON D. LONG
JAMES R. BULLMAN
DOUGLAS A. ARABIE

†LLM IN TAXATION
*BOARD CERTIFIED TAX LAW SPECIALIST
Certified by the Louisiana Board of Legal Specialization
○Admitted to Practice in Florida
♦Admitted to Practice in Texas
♣Admitted to Practice in Washington, D.C.

TELEPHONE (225)383-9953
FACSIMILE (225)387-3198
Email: dale@baringerlawfirm.com

OF COUNSEL
JAMES S. HOLLIDAY, JR., APLC○♦♣
DAVID O. MOONEY
MICHAEL T. PERRY

December 1, 2015

Honorable Judge Richard L. Bourgeois, Jr.
United States Magistrate Judge
Middle District of Louisiana
777 Florida Street, Suite 278
Baton Rouge, LA 70801

**VIA FACSIMILE ONLY: 225-389-3603**

Re:   Justin Shane Richardson v. Axion Logistics, LLC, USDC Middle District Louisiana Civil Action No. 13-302-BAJ-RLB; Our File No. 14620

Dear Judge Bourgeois:

Per the Court's Minute Entry [80] in the referenced matter, we provide the following information:

1) The revised response date for the subpoena to James Hall is December 30, 2015; and
2) The name of the third-party vendor is Quality Litigation Support, 214 3rd Street, Baton Rouge, LA 70801; (225) 334-9327.

Sincerely,

Dale R. Baringer

DRB/pw
Attachment
cc:   Larry Carbo (via email larry.carbo@chamberlainlaw.com)
      Julie R. Offerman (via email julie.offerman@chamberlainlaw.com)
      Donna Phillips Currault (via email dcurrault@gordonarata.com)