UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN SHANE RICHARDSON                              CIVIL ACTION

VERSUS

AXION LOGISTICS, LLC                        No.: 13-00302-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 84)** filed by

Axion Logistics, LLC ("Axion"), which seeks dismissal of Justin Shane Richardson's

("Mr. Richardson") whistleblower claim pursuant to Federal Rule of Civil Procedure

56. Mr. Richardson opposes Axion's motion, (Doc. 98), and Axion has filed a reply,

(Doc. 122). In anticipation of the Court's ruling, the parties seek to strike certain

summary judgment evidence, (Docs. 99, 119),[1] to which Axion has filed a response,

(Doc. 120). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons stated

below, Axion's **Motion for Summary Judgment (Doc. 84)** is **DENIED** and the

parties' requests to strike evidence (Docs. 99, 119) are **DENIED AS MOOT**.

## I.   BACKGROUND

On May 10, 2013, Mr. Richardson filed this lawsuit against Axion, his former

employer, seeking damages pursuant to the Louisiana Whistleblower Statute, La.

---

[1] Axion filed with the Court a brief captioned "Defendant's Objections to Plaintiff's Summary
Judgment Evidence and Plaintiff's Statement of Contested Facts." (Doc. 119). While Axion does not
style its filing as a "motion to strike," it "objects and moves to strike certain evidence" offered by Mr.
Richardson in support of his opposition. (*Id.* at p. 1).

Rev. Stat. § 23:967.[2] (Doc. 1 at ¶ 6). Mr. Richardson asserts that he was wrongfully terminated from his position with Axion "while in the very midst of attempting to bring to light within Axion and rectify fraudulent billing practices on the part of Axion employees . . . and fraudulent claims (including creation of false accounting and tax records) . . ." that resulted in overcharging of Axion's client, Dow Chemical Company, Inc. ("Dow"). (*Id*. at ¶ 4).

Mr. Richardson was hired by Axion on February 7, 2012 to assume the role of General Manager of Louisiana Operations, a position that would open shortly after he started his employment. (*Id*. at ¶ 8). Mr. Richardson claims he learned that Axion employees may have overbilled Dow and that he conveyed this information to Axion's Vice President of Operations, Steve Seymour, in April, 2012. (*Id*. at ¶ 14). Mr. Richardson asserts that he also relayed his concern about overbilling to Axion's Vice President of Administration, Elaine Young, (*Id*. at ¶ 16), as well as Axion's Chief Executive Officer, Gary Grant, and Axion's Chief Financial Officer, Jim Konvelman, (*Id*. at ¶ 18). Mr. Richardson further asserts that he told Mr. Konvelman that he would inform Dow about his concern if Mr. Konvelman did not. (Doc. 10 at p. 2). When he followed up with Mr. Seymour about the overbilling issue, Mr. Richardson asserts that he was told to be quiet. (*Id*. at ¶ 23). On May 21, 2012, Mr. Richardson was notified by Mr. Seymour that his employment was being terminated. (*Id*. at ¶ 24).

---

[2] Mr. Richardson filed an Amended Complaint on June 24, 2013, (Doc. 10), after which Axion filed a motion to dismiss, (Doc. 14). On March 12, 2014, the Court granted Axion's motion. (Doc. 35). Mr. Richardson appealed this ruling and the case was remanded for further proceedings. (Doc. 50).

## II.   SUMMARY JUDGMENT STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (internal citations omitted). At this stage, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied,* 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.* at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the

3

existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer,* 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. Discussion

Both parties object to the Court's consideration of certain evidence and request that such evidence be stricken from the record. (Docs. 99, 119). However, Rule 56 "does not provide a motion to strike as a tool in the summary judgment process." *Ferraresso v. Town of Granby*, 646 F. Supp. 2d 296, 301 (D. Conn. 2009) (internal quotations omitted) (noting also that "in the context of summary judgment, motions to strike are unnecessary and produce only redundant statements by the court that it has not relied on such inadmissible evidence in deciding the summary judgment motion"). Regardless, the objections raised by the parties are immaterial because they pertain to statements or evidence upon which the Court does not rely in this ruling.[3] *See Gonzales v. AutoZoners, LLC*, 860 F. Supp. 2d 333, 350 n.12 (S.D. Tex. 2012), *aff'd sub nom. Gonzalez v. Aztex Advantage*, 547 F. App'x 424 (5th Cir. 2013). In reaching its conclusion, the Court only considers evidence in the record that is admissible at

---

[3] Axion's "Objections to Plaintiff's Statement of Contested Facts" contained in Doc. 119-1 are simply characterizations of certain facts as "undisputed." The Court has not accepted Mr. Richardson's representation of which facts are disputed, but rather has considered all competent evidence presented by both sides to determine if a genuine issue of material fact exists on the issues before the Court.

4

trial. Fed. R. Civ. P. 56(c)(3) ("The court *need* consider only the cited materials, but it *may* consider other materials in the record.") (emphasis added).

To defeat Axion's motion, Mr. Richardson must demonstrate that a genuine issue of material fact exists as to each of the following elements essential to a claim under La. Rev. Stat. § 23:967: "(1) [Axion] violated the law through a prohibited workplace act or practice; (2) [Richardson] advised [Axion] of the violation; (3) [Richardson] then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) [Richardson] was fired as a result of [his] refusal to participate in the unlawful practice or threat to disclose the practice." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (citing *Hale v. Touro Infirmary*, 2004-0003, p. 10 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210, 1216, *writ denied*, 2005-0103 (La. 3/24/05); 896 So. 2d 1036).

For ease of analysis, the Court disaggregates the first element of Mr. Richardson's claim and looks to determine if the "work place act[s] or practice[s]" he claims to have "advised" to Axion: 1) resulted in *an actual* violation of state law for which there exists proof[4] and 2) were fairly attributable to Axion *as his employer*.[5]

---

[4] *Hale v. Touro Infirmary*, 2004-0003, p. 9 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210, 1216, *writ denied*, 2005-0103 (La. 3/24/05); 896 So. 2d 1036) (citing *Puig v. Greater New Orleans Expressway Comm'n*, 2000-924 (La. App. 5 Cir. 11/2/00); 772 So. 2d 842) (a plaintiff cannot simply assert that he alleged a violation of state law).

[5] *See Kyger v. Lowe's Home Centers, Inc.*, No. 04-cv-1122, 2005 WL 78944, at *3 & n.12 (E.D. La. Jan. 11, 2005) (finding that "Plaintiff must identify unlawful conduct that is legally attributable to Defendant, as the employer"); *Dillon v. Lakeview Regional Med. Ctr. Auxiliary, Inc.*, 2011-1878 (La. App. 1 Cir. 6/13/12), 2012 WL 2154346, at *5 & n.8, *writ denied*, 2012-1618 (La. 10/26/12), 99 So. 3d 651 (observing that "it could be concluded that the employer must be the actor who violated the law, in order for there to be a cause of action under" § 23:967, and that "there is no indication" that the statute "would encompass unauthorized acts of . . . employees"); *Fondren v. Greater New Orleans Expressway Comm'n*, 03-1383, p. 5 (La. App. 5 Cir. 4/27/04); 871 So. 2d 688, 691 ("The Louisiana Whistleblower Statute targets serious employer conduct that violates the law.").

Before addressing this first element, however, the Court addresses elements two and three of Mr. Richardson's claim to determine what exactly he contends to have "advised" Axion of that he then "threatened to disclose" to Dow.

### A. What "workplace act[s] or practice[s]" did Mr. Richardson "advise" Axion of that he then "threatened to disclose" to Dow?

Mr. Richardson asserts that he advised Mr. Seymour of his suspicions of two examples of overbilling: 1) that Axion employees working at Dow were overstating the hours they billed by leaving early, arriving late, and counting breaks as time worked, and 2) that Don Ward had 20 hours added to his timesheet by James Hall. (Mr. Richardson's Declaration, Doc. 102-4 at ¶¶ 4, 10). Mr. Richardson's email to Mr. Seymour confirms that he notified him of these two work place acts or practices. (Doc. 115-1). Mr. Richardson testified that he also told Mr. Konzelman that "employees" were billing Dow "for time they did not work," that Mr. Hall was claiming mileage for "times when he was supposedly" not driving to and from Dow, and that another employee, ostensibly Christine Miller, was improperly billing additional hours to Dow in compensation "for her distance of travel." (Mr. Richardson's Deposition, Doc. 100-1 at pp. 31—32).[6]

The Court finds that a genuine dispute of fact exists as to whether Mr. Richardson advised Axion of these workplace acts or practices. The Court is unwilling, however, to accept Mr. Richardson's suggestion that he—by reporting these particularized suspicions of overbilling—can be said to have "advised" Axion of

---

[6] Because of the nature of the contract it had with Dow, Axion would have profited at Dow's expense from the overbilling practices allegedly engaged in by its employees.

*any* potential overbilling issue it may have had with Dow. The Louisiana whistle blower statute has been interpreted to require that plaintiffs identify workplace acts or practices that form the basis of a state law violation with sufficient particularity; broad allegations of impropriety are insufficient. Mr. Richardson cannot simply cast a wide net that may ensnarl *some* misconduct that was unbeknownst to him at the time he advised Axion of a problem.[7] *See generally Mabry v. Andrus*, 45,135, p. 9 (La. App. 2 Cir. 4/14/10); 34 So.3d 1075, 1081, *writ denied*, 2010-1368 (La. 9/24/10); 45 So.3d 1079. Put differently, Mr. Richardson could not have advised of a problem that he was unaware of *ab initio*.

Lastly, the Court briefly notes that contrary to Axion's assertion, Mr. Richardson has testified that he told Mr. Konzelman that he would notify Dow of the overbilling he identified if Axion did not. (*Id.* at pp. 99—100; Mr. Richardson's Declaration, Doc. 102-4 at ¶ 4, 10). Without discretion to discount Mr. Richardson's testimony in this summary judgment setting, the Court finds that a factual dispute exists as to the second and third element of Mr. Richardson's claim. *Peel & Co., Inc. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001) (issues of credibility cannot be resolved on summary judgment); *see also C.R. Pittman Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) (internal quotations

---

[7] Mr. Richardson does not assert that he advised Axion of "hot shot" overbilling or overbilling by inflation of overtime hours. Accordingly, such overbilling cannot be used to satisfy his *prima facie* case because he did not "advise[]" Axion of these workplace acts or practices. Evidence of such overbilling *may*, however, support a finding of pretext as Axion might have had additional motivation to terminate Mr. Richardson.

omitted) (instructing that a party's own testimony "is often self-serving," and that it cannot be excluded for that reason alone if it is based on personal knowledge).

## B. Has Mr. Richardson met his burden of demonstrating that these "workplace acts or practices" actually occurred?

Before analyzing whether the work place acts or practices identified by Mr. Richardson give rise to 1) a violation of state law that is 2) fairly attributable to Axion, the Court again takes a brief detour to determine if he has met his burden of demonstrating that the overbilling he identified actually occurred, as he is required to offer proof of what he considers to have been a state law violation.[8]

Rene Hale testified that after she conducted an investigation, she concluded that Dow was overbilled by Axion.[9] (Ms. Hale's Deposition, Doc. 117 at p. 89). Ms. Hale testified that a portion of the hours she found Dow to have been overbilled was in the form of employees arriving late, leaving early, and taking breaks. (*Id*. at pp. 113—15). Ms. Hale stated that the contract between Axion and Dow did not permit Axion to bill Dow for its employees' breaks. (*Id*.). Ms. Hale further testified, and Axion has admitted, that Ms. Miller improperly billed hours to Dow to compensate for her mileage. (*Id*. at p. 112; Doc. 84-18 at p. 11). Mr. Seymour testified that Axion charged Dow for the breaks its employees took, indicating that he was aware of this "workplace act or practice." (Mr. Seymour's Deposition, Doc. 100-2 at pp. 47—48).

---

[8] Axion misdirects the Court's attention to the proof—or lack thereof—that Mr. Richardson had at the time he advised Axion of the overbilling he identified. (Doc. 84-18 at pp. 10—13). The relevant inquiry, however, is whether Mr. Richardson *now* has the proof he needs.

[9] The Court does not consider any legal conclusions or opinions that Ms. Hale may have reached, and instead considers only her factual findings that are based upon the personal knowledge she gleaned from her investigation.

Taken together with other competent evidence, the Court finds that Mr. Richardson has set forth sufficient factual matter to prove, for purposes of this motion, that the "work place acts or practices" he identified actually occurred.

**C. Did the overbilling identified by Mr. Richardson violate the state laws he relies upon to assert a claim and, if so, was such overbilling fairly attributable to Axion?**

As a preliminary matter, the Court agrees with Axion that Mr. Richardson has abandoned any attempt to rest his claim upon a violation of the crime of false accounting, La. Rev. Stat. § 14:70 (defining the crime of false accounting as "the intentional rendering of a financial statement of account which is known by the offender to be false, by anyone who is obliged to render an accounting by the law pertaining to civil matters"). (Doc. 122 at p. 3). Mr. Richardson has not identified any applicable law which "oblige[s]" Axion to "render an accounting." (*See generally*, Doc. 98). Moreover, Mr. Richardson did not deny the facts upon which he appears to rest this aspect of his claim. (Doc. 84-17 at ¶¶ 61—63, 65).

Mr. Richardson also asserts, however, that overbilling of Dow resulted in the crime of theft, La. Rev. Stat. § 14:67 (defining the crime of theft as "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential"). Even if overbilling did in fact occur, Axion asserts that Mr. Richardson

has not demonstrated that the conduct of its employees is fairly attributable to *it* as Mr. Richardson's *employer*.

The Court finds that evidence of overbilling creates a genuine dispute of material fact as to whether Axion employees committed theft as defined under Louisiana law. *See State v. Banta*, 589 So.2d 1088, 1089 (La. Ct. App. 1991) (where false claims for reimbursement supported a conviction under Louisiana's theft statute). The Court further finds that a genuine dispute of material fact exists as to whether Axion executives condoned at least some of the overbilling identified by Mr. Richardson and is guided, in part, by the reluctance of Louisiana courts to resolve subjective factors like knowledge on summary judgment.[10] *Williamson v. Kovac*, 591 So.2d 788, 790 (La. App. 5 Cir. 12/11/91) (compiling cases and stating that "[s]ummary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge, or good faith"); *see also Banta*, 589 So.2d at 1091 (finding that subjective elements like intent may be inferred from circumstantial evidence). Accordingly, the Court finds that a genuine dispute of material fact exists as to whether the overbilling identified by Mr. Richardson violated state law and was fairly attributable to Axion.

### D. Was Mr. Richardson fired for his whistle-blowing activity?

Having reached the last element of Mr. Richardson's whistle-blower claim, Axion maintains that he has not set forth sufficient evidence to demonstrate that he

---

[10] In the context of this whistle-blower claim, the United States Court of Appeal for the Fifth Circuit strongly implied that the conduct of Axion's upper-level management may be fairly attributable to the company itself. *Axion Logistics, L.L.C.*, 780 F.3d at 306—07.

was fired for whistle-blowing activity, *i.e.* that a causal connection exists between his whistle-blowing activity and his termination. (Doc. 84 at ¶ 4(c) and (d)). Axion asserts that Mr. Richardson was fired for legitimate, non-retaliatory reasons, and that he has failed to set forth any evidence to demonstrate that such reasons were pretextual.[11] (*Id.*). The same burden-shifting analysis used in Title VII retaliation cases must be employed to determine if Mr. Richardson has set forth sufficient evidence to create a genuine dispute of material fact as to whether he was fired for his alleged whistle-blowing activity. *Stevenson v. Williamson*, 547 F. Supp. 2d 544, 551 (M.D. La. 2008), *aff'd*, 324 F. App'x 422 (5th Cir. 2009) (claims under La. Rev. Stat. § 23:967 are subject to the same analysis employed in Title VII retaliation claims).

The Court finds that the suggestive temporal proximity of Mr. Richardson's termination, along with Mr. Seymour's awareness of his overbilling concerns, satisfies the causal connection element for summary judgment purposes.[12] *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (noting that a time lapse of up to four months has been found sufficient to satisfy the causal connection requirement).

---

[11] Axion asserts that Mr. Richardson was terminated for myriad of reasons related to job performance, unprofessional conduct, and an inability to get along with coworkers. (Doc. 84-18 at pp. 16—18). Axion's contentions are ostensibly supported by evidence in the record. (Docs. 84-1 at ¶¶ 5—11, 84-5 at ¶¶ 4—9, 84-7 at ¶¶ 3—4; 84-8 at ¶¶ 3—4). Accordingly, the burden shifts back to Mr. Richardson to offer direct or sufficient circumstantial evidence to demonstrate the falsity of Axion's purported reasons for firing him.

[12] According to  Mr. Richardson, he expressed concern to Mr. Seymour about overbilling on April 25, 2012, (Doc. 115-1), relayed his concern to Mr. Grant on April 30, 2012, (Doc. 102-4 at ¶ 10), and told Mr. Grant "the following day" that he would disclose his concern to Dow if Axion did not, (*id.*). Mr. Richardson was terminated on May 21, 2012, or approximately three weeks after he claims to have given this warning. (Doc. 115-1 at ¶ 11). While suggestive temporal proximity is sufficient to demonstrate a causal connection, it is insufficient on its own to demonstrate pretext. *See Campbell v. England*, 234 F. App'x 183, 187 (5th Cir. 2007); *Rasler v. Winn Dixie Stores, Inc.*, No. 13-CV-2799, 2015 WL 5321743 (E.D. La. Sept. 11, 2015).

Construing the facts in his favor, the Court also finds that Mr. Richardson has carried his burden of setting forth sufficient circumstantial evidence to demonstrate the possible falsity of Axion's explanations for his termination. *See Chivleatto v. Sportsman's Cove, Inc.*, 05-136, p. 4 (La. App. 5 Cir. 6/28/05); 907 So. 2d 815, 819 (La. Ct. App. 2005) (observing that in employment retaliation suits, most employers refuse to admit a retaliatory motive, and therefore "most plaintiffs rely on circumstantial evidence to prove" retaliatory discharge).

In reaching this determination, the Court notes that statements from Axion employees regarding Mr. Richardson's qualifications, performance, and conduct are belated. Axion has not directed the Court's attention to any documented warnings, admonishments, counseling sessions, or write-ups indicating that Mr. Richardson was informed of his poor performance or unprofessional conduct *before* he notified Mr. Seymour about his overbilling concern.[13] Furthermore, Mr. Seymour's emphasis on the "triggering event," which occurred after Mr. Richardson conveyed his overbilling concern, is inconsistent with Axion's assertions that its decision to fire him was based on a history of performance problems.[14] *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 241 (5th Cir. 2015). Lastly, the failure to question Mr. Richardson about the "triggering event" prior to his termination—a severe punishment in the absence

---

[13] While Axion employees have stated in post-hoc declarations that warnings and criticisms were directed to Mr. Richardson shortly after he was hired, the record is devoid of written warnings, as part of a personnel file or otherwise, that contemporaneously memorialized such negative feedback.

[14] When asked about the "triggering event," Mr. Seymour indicated that it was appropriate for Mr. Richardson to question Ms. Roberts about her extended time away from the office. (Doc. 98 at pp. 21—22). Mr. Seymour also recognized that he did not observe the "triggering event" and could not personally evaluate the tone of the incident. (*Id.*).

of other documented reprimands—also gives rise to an inference of pretext. Such circumstantial evidence of pretext is amplified by the temporal proximity previously noted and evidence of other possible overbilling issues that were subject to scrutiny if Mr. Richardson did in fact contact Dow about his concerns.

## IV.   CONCLUSION

After viewing the facts presented in the light most favorable to Mr. Richardson and drawing all reasonable inferences in his favor, the Court concludes that he has set forth sufficient facts from which a reasonable fact finder could conclude that Axion wrongfully terminated him for whistleblowing activity. Mr. Richardson has met his burden of demonstrating that genuine issues of material fact essential to each element of his claim under the Louisiana whistleblower statute exist.

Accordingly,

**IT IS ORDERED** that Axion's **Motion for Summary Judgment (Doc. 84)** is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Richardson's **Motion to Strike Evidence Offered in Support of Defendant Axion Logistics, LLC's Memorandum in Support of Motion for Summary Judgment (Doc. 99)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Mr. Richardson file a response to Axion's **Motion to Exclude or Limit the Report, Opinions, and Testimony of Plaintiff's Expert Dr. James A. Richardson (Doc. 86)** within 14 days of the issuance of this Ruling and Order.

Baton Rouge, Louisiana, this $\underline{3^{rd}}$ day of May, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

14