UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN SHANE RICHARDSON                         CIVIL ACTION

VERSUS

AXION LOGISTICS, LLC                            NO. 13-cv-00302-BAJ-RLB

ORDER

Before the court is **Defendant's Daubert Motion to Exclude or Limit the Expert Report, Opinions, and Testimony of Plaintiff's Expert Dr. James A. Richardson (Doc. 86)** filed by Axion Logistics, LLC ("Defendant"). Justin Shane Richardson ("Plaintiff") has filed a response. (Doc. 125). For the reasons that follow, Defendant's motion is **GRANTED** subject to the Court's discretion to elicit testimony from Dr. James A. Richardson after trial.

I.  BACKGROUND

Defendant seeks to exclude the testimony of Plaintiff's expert economist, Dr. James A. Richardson. (Doc. 86-7). Plaintiff expects Dr. Richardson to testify regarding calculations of any award of back pay and/or front pay to which he may be entitled. (Doc. 125 at pp. 5—6). Defendant argues that Dr. Richardson's testimony should be excluded pursuant to Federal Rule of Evidence ("Rule") 402 and 403, or alternatively, pursuant to Rule 702. (Doc. 86-7 at pp. 6—17). Specifically, Defendant asserts that: (1) awards of front pay and back pay are equitable remedies to be decided by the Court; (2) any such awards in this case do not require expert testimony; and (3) Dr. Richardson's calculations grossly overestimate any possible award of front pay

1

thereby rendering his opinion unreliable. (*Id.*). Plaintiff concedes that awards of front pay and back pay are equitable remedies fashioned by the Court, but he submits that Dr. Richardson will only be used "to assist the court in those aspects of the calculation of front pay that one would expect to be helpful to this Court." (Doc. 125 at p. 5).

## II. DISCUSSION

Plaintiff's concession is well founded. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991) (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 823 (5th Cir. 1990)) (instructing that "front pay is an equitable remedy and therefore the court, not the jury, determines the amount of the award"); *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (instructing that "[l]ike front pay, back pay is an equitable remedy . . ." ). Although Plaintiff cites case law wherein district courts permit an advisory jury to make recommendations on the amount of front pay and/or back pay awards, the Court will not do so in this case. *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) (quoting *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394—95 (5th Cir. 2003)) ("Because back pay is an equitable remedy, the district court need not empanel an advisory jury but can decide the back pay issue itself absent the parties' agreement to the correct amount."). Instead, the Court will conduct an evidentiary hearing after trial if necessary to determine the amount, if any, of such awards. *Caparotta v. Entergy Corp.*, 168 F.3d 754, 755 (5th Cir. 1999) (noting that the district court held an evidentiary hearing on the issues of attorney's fees and front pay after a jury trial).

The testimony of Dr. James A. Richardson is therefore simply not relevant for *the jury* to hear in this matter, and he will not be allowed to testify at trial.

Again, should the Court be required to consider fashioning an award for front pay and/or back pay, it will decide at a later date whether it is prudent to elicit testimony from Dr. James A. Richardson. *But see Warren v. Cty. Comm'n of Lawrence Cty., Ala.*, 826 F. Supp. 2d 1299, 1311 (N.D. Ala. 2011) (finding that employee did not have to provide economic testimony on the issue of front pay). Thus, Plaintiff is free to reurge his position, after trial, that Dr. Richardson's testimony may be helpful to the Court in fashioning such awards.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendant's Daubert Motion to Exclude or Limit the Expert Report, Opinions, and Testimony of Plaintiff's Expert Dr. James A. Richardson (Doc. 86)** is hereby **GRANTED** subject to the Court's discretion to elicit testimony from Dr. James A. Richardson after trial.

Baton Rouge, Louisiana, this 25th day of May, 2016.

*[signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**